UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-60752- Dimitrouleas-Snow

CHARDIN ST. LEGER,

    Plaintiff,

vs.

MASAMUNE II JAPANESE RESTAURANT, INC.,
JAPANESE RESTAURANT MASAMUNE, INC.
and YUKIHISA HATAYAMA, Individually,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO ORDER DATED MARCH 11, 2010,
AND DEFENDANTS' MOTION FOR LEAVE TO FILE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW**

COMES NOW, Defendant, YUKIHISA HATAYAMA, (Hereinafter, referred to as "HATAYAMA"), Defendant, "JAPANESE RESTAURANT MASAMUNE", INC. (Hereinafter, referred to as "MASAMUNE") Defendant, MASAMUNE II JAPANESE RESTAURANT, INC., (Hereinafter, referred to as "MASAMUNE II") and (Hereinafter, referred to collectively as "Defendants") by and through undersigned counsel, pursuant to FED. R. CIV. P. 6, 12, 15, 16, and 56, and S.D. Fla. L.R. 7.5  respectfully responds to the

1

Court Order dated March 11, 2010, and moves this Court for leave to file Defendants' Motion for Summary Judgment and as support, state:

1. On September 21, 2009, Defendants received via electronic mail from, cmecfautosender @ flsd. uscourt.gov, an electronic mail with the subject matter of "Activity in Case 0:09-cv-60752-WPD St. Leger v. Masmaune II Japanese Restaurant, Inc. et al Order." Exhibit "A".

2. Pursuant to the Order Setting Trial Date & Discovery Deadlines, Referring Case To Mediation & Referring Discovery Motions To Magistrate Lurana S. Snow the following deadlines were set forth:

   a. Amended Pleadings due by 11/8/2009;
   b. Joinder of Parties due by 11/5/2009;
   c. In Limine Motions due by 4/16/2010;
   d. Pre-Trial Stipulation due by 4/16/2010,
   e. Calendar Call set for 4/30/2010 10:00 AM in Fort Lauderdale division before Judge William P. Dimitrouleas

   Exhibit "A".

3. The electronic mail further indicates that the Order was signed by Judge William P. Dimitrouleas. Exhibit "A".

4. An Affidavit of Colleen Stiger is attached setting forth that this was the understanding of the deadlines at the time of filing the Defendants' Motions For Summary Judgment. Exhibit "B".

5.     On March 11, 2010, the Defendants filed Motions For Summary Judgment and Memorandums of Law.

6.     This Court entered an Order on March 11, 2010 to Show Cause.

### RESPONSE TO MOTION TO SHOW CAUSE & REQUEST FOR LEAVE TO FILE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW

7.     This is the defense firm's first case in federal court utilizing the new computer system, Case Management/Electronic Case Filing (CM/ECF). Exhibit "B".

8.     The Defendants were unaware of the order with the deadline for motions for summary judgments until Defendants received the Order To Show Cause dated March 11, 2010, and at that time went back into the CM/ECF system and discovered the Order. Exhibits "A", "B" and "C".

9.     Defendants' counsel had misread the document received via electronic mail dated September 21, 2009 of the Order dated September 18, 2009 and the deadlines. Exhibits "A" and "B".

10.    Defendants were unaware of this particular Order's existence until March 12, 2010 when the electronic mail was received containing the Order To Show Cause dated March 11, 2010. Exhibits "A", "B" and "C".

11.    Defendants were traveling under the Order attached as Exhibit "A" and

believed to be governed by it at the time the Motion For Summary Judgment was filed.

12. Now that Defendants have actual knowledge of the dates contained in Exhibit "B", Defendants respectfully request the Court for leave to file the Defendants' Motions For Summary Judgment and Memorandum of Law.

13. The parties in this action were in good faith trying to resolve this matter through mediation and had a mutual understanding agreeing to extension of discovery deadlines.

14. Based on judicial efficiency, economy and justice, Defendants respectfully request that Defendants be granted leave to file Defendants' Motion For Summary Judgment since the claims should be dismissed for jurisdictional reasons.

15. Furthermore, it is Defendants' understanding that the rules provide for summary judgment at any time. Defendants filed the motions as soon as practicable upon completion of mediation allowing both sides to present their arguments and pursuant to FED. R. CIV. P. 56(b) which pertinent part reads as follows:

> 56(b) BY A DEFENDING PARTY. A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

16.     Further, "[t]he Court, *sua sponte,* or any party may raise a jurisdictional defect at any time." *Allen v. State Board Of Elections*, 393 U.S. 544 citing *Barnett v. Bailey,* 956 F.2d 1036, 1039 (11th Cir. 1992)" and FED. R. CIV. P. 12(b)(1) and 12(h)(3) if the Court determines at any time that it lacks subject matter jurisdiction, the Court *must* dismiss the action.

17.     This Court has discretion to permit leave or an extension to time to file Defendants' Motion For Summary Judgment for the Court's consideration under:

    a.  FED. R. CIV. P. 15(a)(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

    b.  FED. R. CIV. P. 16(b) (4) which pertinent part reads: *Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.

18.     In this case, a reasonable attempt to comply with the Order dated in Exhibit "A" had been made and upon receiving the Court's Order To Show Cause.

19.     Plaintiff will not be prejudiced by the granting of the Motion For Leave

since Plaintiff has been aware and has been in actual possession of the contents giving rise to the motions for summary judgment to be filed with the Court and will have time to respond prior to trial.

20. Counsel for the Defendants respectfully apologize to the Honorable William P. Dimitrouleas.

21. Defendants respectfully request that this Honorable Court not hold the excusable neglect of the firm against the Defendants. Exhibits "A" and "B".

WHEREFORE, the Defendant, MASAMUNE II JAPANESE RESTAURANT, INC., JAPANESE RESTAURANT MASAMUNE, INC. and YUKIHISA HATAYAMA, respectfully requests this Court grant leave to file Defendants Motions For Summary Judgment and/or enter its rulings on the pending dispositive Motions.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

__/s/ Alexander Penalta_____
Alexander Penalta

PENALTA & STIGER, P.A.

/s/ Alexander Penalta_____
Alexander Penalta
Florida Bar No. 0003972
apenalta@yahoo.com
595 South Federal Highway, Suite #600
Boca Raton, Florida 33432
Telephone: (561) 955-9970
Facsimile: (561) 368-1871
Attorney for the Defendants, MASAMUNE II JAPANESE RESTAURANT, INC., JAPANESERESTAURANT MASAMUNE, INC. and YUKIHISA HATAYAMA

## Certificate Of Service

**I hereby certify** that on this 15th day of March, 2010, I electronically filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List electronically.

PENALTA & STIGER, P.A.

__/s/__ Alexander Penalta_____
Alexander Penalta

# SERVICE LIST
## CHARDIN ST. LEGER versus MASAMUNE II JAPANESE RESTAURANT, INC., JAPANESE RESTAURANT MASAMUNE, INC. and YUKIHISA HATAYAMA
### Case No. 09-CV-60752- Dimitrouleas-Snow
### United States District Court, Southern District of Florida

Todd W. Shulby, Esquire
Email: tshulby@shulbylaw.com
TODD W. SHULBY, P.A.
4705 S.W. 148th Avenue, Suite #102
Davie, Florida, 33330
Telephone:954-530-2236
Facsimile:954-530-6628
Attorney's For Plaintiff,
CHARDIN ST. LEGER
Electronic Filing

William Brady, Jr., Esquire
Email: wbrady@lbbfirm.com
LIPSCOMB,BRADY BOBADILLA
Two Biscayne Blvd., Penthouse 3800
Miami, Florida 33131.
Telephone:786-431-2228
Facsimile:786-421-2229
Attorney's For Plaintiff,
CHARDIN ST. LEGER
Electronic Filing