UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-60752- Dimitrouleas-Snow

CHARDIN ST. LEGER,

    Plaintiff,

vs.

MASAMUNE II JAPANESE RESTAURANT, INC.,
JAPANESE RESTAURANT MASAMUNE, INC.
and YUKIHISA HATAYAMA, Individually,

    Defendants.
_____/

### AFFIDAVIT OF COLLEEN M. STIGER
### IN SUPPORT OF DEFENDANTS' RESPONSE TO ORDER DATED
### MARCH 11, 2010, AND DEFENDANTS' MOTION FOR LEAVE TO
### FILE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
### MEMORANDUM OF LAW

1. I, Colleen M. Stiger, a member of the Florida Bar and Federal Bar, Southern District, in good standing, files this Affidavit in support of Defendants' Response To Court Order Dated March 11, 2010 and Defendants' Motion For Leave To File Defendants' Motions For Summary Judgment.

2. This is our firm's first case utilizing the new computer system, Case Management/Electronic Case Filing (CM/ECF),


EXHIBIT B

1

3. I took the required CM/ECF classes at the end of July 2009 and received the password.

4. It was not until August 2009 that I received the first transmissions from cmecfautosender @ flsd. uscourt.gov.

5. Upon information and belief, the Order dated September 18, 2009 was only the second order that I had received utilizing the mandatory system.

6. On September 21, 2009, I received via electronic mail from, cmecfautosender @ flsd. uscourt.gov, an electronic mail with the subject matter of "Activity in Case 0:09-cv-60752-WPD St. Leger v. Masmaune II Japanese Restaurant, Inc. et al Order." Exhibit "A".

7. It was my understanding that this was the Order Setting Trial Date & Discovery Deadlines, Referring Case To Mediation & Referring Discovery Motions To Magistrate Lurana S. Snow. Exhibit "A".

8. The Order contained the following deadlines:
   1. Amended Pleadings due by 11/8/2009;
   2. Joinder of Parties due by 11/5/2009;
   3. In Limine Motions due by 4/16/2010;
   4. Pre-Trial Stipulation due by 4/16/2010,
   5. Calendar Call set for 4/30/2010 10:00 AM in Fort Lauderdale division before Judge William P. Dimitrouleas

Exhibit "A".

9. The electronic mail further indicates that the Order was signed by Judge William P. Dimitrouleas. Exhibit "A".

10. It was my understanding that this was the only order containing dates and I instructed Alexander Penalta that there were no other dates that would conflict with the timelines under the Federal Rules of Civil Procedure. Exhibit "A".

11. I calendared the deadline dates of the Order accordingly. Exhibit "A".

12. I was unaware of any other dates or Order for September 18, 2009.

13. It was not until March 12, 2010 when I received the electronic form, cmecfautosender @ flsd. uscourt.gov, an electronic mail with the subject matter of "Activity in Case 0:09-cv-60752-WPD St. Leger v. Masmaune II Japanese Restaurant, Inc. et al Order" which was an Order To Show Cause why this Court should entertain untimely Motions For Summary Judgment that a deadline existed for the motions for summary judgment.

14. Upon receiving the Order dated March 11, 2010, I went to the CM/EF to review the online docket and for the first time saw a different Order Setting Trial Date & Discovery Deadlines,

Referring Case To Mediation & Referring Discovery Motions To Magistrate Lurana S. Snow which included a deadline on February 19, 2010 for Substantive Pre-Trial Motions. Exhibit "B".

15. Since the inception of the case, it has been my sole responsibility for managing the documents that are filed and maintained on record with the Court for the law firm of Penalta & Stiger, P.A. and to review the orders and calendar them accordingly.

16. I personally calendar the dates to ensure that this firm abides by all deadlines set forth by the Court.

17. I was unaware of the Motions For Summary Judgment were due by February 19, 2010 because I was following Exhibit "A" which I believed to be the full and complete Order dated September 19, 2009.

18. I had no actual knowledge that another order existed with additional dates.

19. The first time I became aware of the February 19, 2010 deadline and other Order dated September 18, 2009 was March 12, 2010 upon receiving the Court's Order dated March 11, 2009 via electronic mail on March 12, 2010 and instructed Alexander Penalta, for the first time, that there was another scheduling order

that may conflict with the Federal Rules of Civil Procedure governing the ability to file a motion raising Subject Matter Jurisdiction at anytime and the rule governing Summary Judgment.

FURTHER AFFIANT SAYETH NAUGHT

[Notary Stamp: KATHERINE BRETHAUER, Notary Public - State of Florida, My Comm. Expires Jan 26, 2013, Commission # DD 864734]

_Colleen M. Stiger_
AFFIANT

SWORN TO AND SUBSCRIBED before me this 15th day of _March_, 2010.

_Katherine Bretham_
NOTARY PUBLIC

Personally Known _____ OR Produced Identification ✓

Type of Identification Produced: drivers license

My Commission Expires: 01/26/13

6

**From:** cmecfautosender@flsd.uscourts.gov (cmecfautosender@flsd.uscourts.gov)
**To:** flsd_cmecf_notice@flsd.uscourts.gov;
**Date:** Mon, September 21, 2009 9:16:30 AM
**Cc:**
**Subject:** Activity in Case 0:09-cv-60752-WPD St. Leger v. Masamune II Japanese Restaurant, Inc. et al Order

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Southern District of Florida

### Notice of Electronic Filing

The following transaction was entered on 9/21/2009 at 9:16 AM EDT and filed on 9/18/2009
**Case Name:** St. Leger v. Masamune II Japanese Restaurant, Inc. et al
**Case Number:** 0:09-cv-60752
**Filer:**
**Document Number:** 18

**Docket Text:**
ORDER SETTING TRIAL DATE & DISCOVERY DEADLINES,REFERRING CASE TO MEDIATION & REFERRING DISCOVERY MOTIONS To Magistrate Judge Lurana S. Snow: Amended Pleadings due by 11/5/2009., Discovery due by 2/5/2010., Joinder of Parties due by 11/5/2009., In Limine Motions due by 4/16/2010., Pretrial Stipulation due by 4/16/2010., Calendar Call set for 4/30/2010 10:00 AM in Fort Lauderdale Division before Judge William P. Dimitrouleas., Trial set for 5/3/2010 before Judge William P. Dimitrouleas.. Signed by Judge William P. Dimitrouleas on 9/18/2009. (ail)

**0:09-cv-60752 Notice has been electronically mailed to:**

Colleen Mary Stiger   colleenstiger@yahoo.com

Alexander Penalta   apenalta@yahoo.com

William Thomas Brady, Jr   wbrady@lbbfirm.com

Todd William Shulby   tshulby@shulbylaw.com

**0:09-cv-60752 Notice has not been delivered electronically to those listed below and will be provided by other means. For further as[sistance, conta]ct our Help Desk at 1-888-318-2260.:**

EXHIBIT A

http://us.mg2.mail.yahoo.com/dc/launch?.g...                    1812                    3/12/2010

The following document(s) are associated with this transaction:

- **Document description:** Main Document
  **Original filename:** n/a
  **Electronic document Stamp:**
  [STAMP dcecfStamp_ID=1105629215 [Date=9/21/2009] [FileNumber=6772468-0
  ] [6dbaeac4a9fc3e9ac426a666b20e7c18c0477c94f00b29749f72d24a03cb3f00d52
  128541578cd5b6c03f8e7f0216a9051f6dc94268b234b3feda34c980b1686]]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60752-CIV-DIMITROULEAS

CHARDIN ST. LEGER,

Magistrate Judge Snow

    Plaintiff,

vs.

MASAMUNE II JAPANESE
RESTAURANT, INC., JAPANESE
RESTAURANT MASAMUNE INC., and
YUKIHISA HATAYAMA, individually,

    Defendants.
_____/

### ORDER SETTING TRIAL DATE & DISCOVERY DEADLINES, REFERRING CASE TO MEDIATION & REFERRING DISCOVERY MOTIONS TO UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court upon receipt of the parties' Joint Scheduling Report.

It is thereupon, **ORDERED AND ADJUDGED** as follows:

#### Trial Date & Location

1. This case is set for trial on the two-week calendar commencing Monday, May 3, 2010. Counsel for all parties shall appear at a calendar call commencing at 10:00 A.M. on Friday, April 30, 2010. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in Courtroom 205B at the U.S. Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida.

#### Motion Practice

2. Every pretrial motion filed in this case shall be accompanied by a proposed order granting the motion. The order shall contain an up-to-date service list of all attorneys in the case. Proposed orders should be submitted by email to Dimitrouleas@flsd.uscourts.gov in


EXHIBIT B

WordPerfect format. The email subject line and the name of the attachment should include the case number and a short description of the attachment.

### Pretrial Schedule

3. Pretrial discovery shall be conducted in accordance with Local Rules 16.1 and 26.1 and the Federal Rules of Civil Procedure. No pretrial conference shall be held in this action, unless the Court determines, *sua sponte*, that a pretrial conference is necessary. In setting the following deadlines, the Court has considered the parties' suggested discovery schedule. Dates and other agreements between the parties not otherwise addressed herein shall be considered part of this Order. To the extent this Order conflicts with the Local Rules, this Order supercedes the Local Rules.

| | |
|---|---|
| Motions To Amend Pleadings/Add Parties | – November 5, 2009 |
| Discovery Cutoff | – February 5, 2010 |
| Substantive Pretrial Motions | – February 19, 2010 |
| Daubert Motions | – 60 days before calendar call |
| Mediation Cutoff | – 60 days before start of the trial's two-week calendar |
| Mandatory Pretrial Stipulation | – April 16, 2010 |
| Motions in Limine | – April 16, 2010 |
| Responses to Motions in Limine | – April 23, 2010 |
| Jury Instructions *or* Proposed Findings & Conclusions | – April 23, 2010 |
| Voir Dire Questions | – Calendar call |

2

<u>Exhibit List for Court</u>     – First day of Trial (impeachment excepted)

<u>Witness List for Court</u>    – First day of Trial (impeachment excepted)

## Mandatory Pretrial Stipulation

4. Counsel must meet at least one month prior to the beginning of the trial period to confer on the preparation of a Pretrial Stipulation in accordance with Local Rule 16.1E. A Pretrial Stipulation lacking substance will not be accepted. Any party causing a unilateral pretrial stipulation to be filed will be required to show cause why sanctions should not be imposed. Each attorney and each self-represented party is charged with the duty of complying with this Order. A motion for continuance shall not stay the requirement for the filing of the Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the calendar call. Failure to comply with the time schedule may result in dismissal or other sanctions.

## Consent Jurisdiction

5. In light of the benefits offered by a trial before a magistrate judge, e.g., trial on a date certain as opposed to placement on a trial calendar, the parties are urged to consider this option. Therefore, within twenty (20) days of the entry of this Order each attorney is ordered to meet with his/her client and discuss this option. Plaintiff's counsel shall monitor this process. If there is not unanimity in favor of magistrate jurisdiction, plaintiff's counsel need do nothing further. If, however, there is unanimity in favor of magistrate jurisdiction, plaintiff's counsel shall execute the form (available at http://www.flsd.uscourts.gov/default.asp?file=general/forms.asp) entitled "Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate

3

Judge," and forward the original, executed form to defendants' counsel. After completion by all defendants or their counsel, the original form should be forwarded to the Clerk of the Court, Fort Lauderdale Division.

### Mediation

6. Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, this case is referred to mediation as follows:

    a. All parties are required to participate in mediation. The mediation shall be completed no later than sixty (60) days before the scheduled trial date.

    b. Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, shall be responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the services of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of this Court, but may select any other mediator. The parties shall agree upon a mediator within **fifteen (15) days** from the date hereof. If there is no agreement, lead counsel shall promptly notify the Clerk in writing and the Clerk shall designate a mediator from the List of Certified Mediators, which designation shall be made on a blind rotation basis.

    c. A place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties shall be established. The lead attorney shall complete the form order given in Local Rule 16.2.H and submit it to the Court.

    d. Pursuant to Local Rule 16.2.E, the appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy

4

limits or the most recent demand, whichever is lower, shall attend.

  e. All proceedings of the mediation shall be confidential and privileged.

  f. At least ten (10) days prior to the mediation date, each party shall present to the mediator a confidential brief written summary of the case identifying issues to be resolved.

  g. The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein who otherwise violate the terms of this Order. The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

  h. The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Rule 16.2.B.6, or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The cost of mediation shall be shared equally by the parties unless otherwise ordered by the Court. All payments shall be remitted to the mediator within forty-five (45) days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled mediation conference must be given at least three (3) full business days in advance. Failure to do so will result in imposition of a fee for two hours.

  i. If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with Local Rule 16.2.F., by the filing of a notice of settlement signed by counsel of record within ten (10) days of the mediation conference. Thereafter the parties shall forthwith submit an appropriate pleading concluding the case.

  j. Within five (5) days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), was adjourned, or whether the mediator

declared an impasse.

k. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

### Discovery Referred to Magistrate Judge

7. In accordance with 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge Lurana S. Snow for appropriate disposition of all pretrial discovery motions, and all motions that relate directly to these motions, such as motions for extension of time, motions for reconsideration, motions for sanctions, and motions for mental or physical examinations. This Order does not refer any motion which requests a continuance or extension of the trial or pretrial scheduling dates.

### Exhibits

8. Exhibits must be pre-marked and exchanged prior to execution of the Pretrial Stipulation. Each exhibit should be marked with a sticker identifying the case number, exhibit number, and party offering the exhibit.

### Jury Instructions *or* Proposed Findings of Fact and Conclusions of Law

9. In cases tried before a jury, each party shall submit joint, stipulated proposed jury instructions and a joint, stipulated proposed verdict form in hard copy form and on 3.5" diskette **in WordPerfect format**. All requested instructions shall be typed on a separate page, and except for Eleventh Circuit Pattern instructions, must be supported by citations of authority. Any objections to the proposed instructions shall be stated clearly and concisely and also shall be supported by citations of authority.

Alternatively, in cases tried before the Court, each party shall file proposed Findings of Fact & Conclusions of Law in hard copy form and on 3.5" diskette **in WordPerfect format**. Proposed Conclusions of Law must be supported by citations of authority.

### Settlement

10. If a case is settled, counsel are directed to inform the Court promptly at (954) 769-5650 and to submit an appropriate stipulation Order for Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1). Such an Order must be filed within ten (10) days of notification of the Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of September, 2009.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Magistrate Judge Snow

Todd W. Shulby, Esq.
William T. Brady, Jr., Esq.
Alexander Penalta, Esq.